Simon, J.
The plaintiff sues as natural tutrix of her minor son, and seeks to obtain judgment against the succession of her late husband, administered by the defendant as an insolvent estate, for the sum of seventeen hundred dollars, which, she states, is the amount of the sales of certain blooded horses which *173 were donated to her said son by his maternal uncle, during the lifetime of his father, and which were sold by his said father for his benefit, and as property belonging to the said minor for the sum aforesaid; so that, at the time of his death, her late husband was justly indebted to his said minor son in the amount aforesaid, which, she prays, may be ordered to be placed on the tableau of distribution of the estate, as a claim secured by legal mortgage and privilege on all the property belonging thereto, at the time of her husband’s death, from the time the money was by him received, &c.
The defendant pleaded the general issue. Judgment was rendered below in favor of the plaintiff for the amount sued for, but refusing to allow her the right of mortgage prayed for in her petition, and she took this appeal.
The claim set up by the plaintiff for her minor son has been well established ; and the only question which this case presents is, whether the minor had a legal mortgage on the property of his father, during the marriage, to secure the payment of the amount due him at the age of majority ?
By art. 3280 of the Civil Code, it is provided, that no legal mortgage shall exist, except in the cases determined by the said Code; and by art. 3281, the rights and credits on which a legal mortgage is founded, are those enumerated in the articles following, the first of which, art. 3283, says that, “ Minors, persons interdicted, and absentees, have a legal mortgage on the property of their tutors and curators, as a security for their administration, from the day of their appointment, until the liquidation and settlement of their final account.” See, also, art. 354. But among the mortgages enumerated, we find no such legal mortgage as the one contended for by the appellant.
Now, it is well known, that no tutorship exists, during the marriage, over the children issued from it, but that a child remains under the authority of his father and mother until his majority or emancipation. Civ. Code, art. 234. The father is, during the marriage,'administrator of the estate of his minor children ; he is accountable both for the property and revenues of the estates, the use of which he is not entitled to by law, and for the property only of the estates, the usufruct of which the law gives him ; *174 and such administration ceases at the time of the majority, or emancipation of the children. Art. 267. The natural tutorship only takes place after the dissolution of the marriage, by the death of either of the spouses, 'and belongs of right to the surviving one. Art. 268. Thus it is clear, that the legal mortgage resulting from the tutorship, is not applicable to the administration of the minor’s property, given by law to the father, during the marriage. He is not a tutor ; his duties and responsibilities are very different; and the law does not appear to have intended, that while the minor’s estate remains under his father’s administration during the marriage, his child should have a legal mortgage upon his father’s property, as a security for the said administration. He is accountable, it is true, for his children’s property and revenues ; but art. 239 says, that fathers and mothers shall have, during the marriage, the enjoyment of the estate of their children; and art. 240 informs us, that the obligations resulting from this enjoyment shall be the same obligations to •which usufructuaries are subjected, and to support, to maintain, and to educate their children according to their situation in life. Now, on referring to art. 651, we find that a usufructuary must give security that he will faithfully fulfil all the obligations imposed on him by law; (art. 522 ;) that, in place of such security, he may give a special mortgage on his real property; (art. 555 ;) but art. 553 provides, that “Neither the father nor mother having the legal usufruct of the estate of their children, is required to give this security,” and they are consequently not bound to give a special mortgage.
We must, therefore, conclude, that our law allows no mortgage on the property of the father, as a security for his faithful administration of his children’s estate during the marriage: that the father and mother have the enjoyment of their children’s estate, without being bound to furnish any security; and that the- Judge, a quo, did not err in refusing to recognize the mortgage rights prayed for by the appellant. It may be a hard case ; and we should perhaps, as men, be disposed to sympathize with the feelings expressed by one of the appellant’s counsel in his brief, and deplore the situation of a poor orphan, whose estate has been squandered by his father, and who is left remediless *175 after the latter’s death. But such is the law. As Judges we are bound to obey it; and we do not feel authorized “ to strain it a little,” as the counsel suggests, even were it for the sake of remedial justice.

Judgment affirmed-